**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

ELVIN J. VICIOSO,                                                      **22-cv-06618**

               Plaintiff,                                       **COMPLAINT**

  -against-

GOLDEN OAK RAILINGS NY CORP. and
CONSTANCIA LIMA,

               Defendants.
-----------------------------------------------------------X

Plaintiff, ELVIN J. VICIOSO ("Plaintiff"), as and for his Complaint against Defendants, GOLDEN OAK RAILINGS NY CORP. ("Golden Oak Railings") and CONSTANCIA LIMA ("Lima") (collectively, "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 142, of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief related to his employment with Defendants.

2. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff is an adult who resides in the State of New York.

6. Upon information and belief, Lima is an adult who resides in the State of New York.

7. Upon information and belief, Golden Oak Railings is a domestic business corporation duly organized and existing under the laws of the State of New York.

8. Upon information and belief, Golden Oak Railings maintains a principal place of business located at 2481 Charles Court, Bellmore, New York 11710.

## FACTS

9. Golden Oak Railings owns and operates a construction business that specializes in constructing wood stairs and railings and metal banisters for commercial and residential properties on Long Island.

10. Plaintiff is a former employee of Golden Oak Railings.

11. Golden Oak Railings maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

12. Upon information and belief, at all relevant times, Lima was an owner, officer, director, shareholder, and/or managing agent of Golden Oak Railings.

13. Upon information and belief, at all relevant times, Lima was the President of Golden Oak Railings.

14. Upon information and belief, at all relevant times, Lima was the Chief Executive Officer of Golden Oak Railings.

15. Upon information and belief, at all relevant times, Lima participated in running the daily operations of Golden Oak Railings.

16. At all relevant times, Lima participated in the management and supervision of Plaintiff and his work for Golden Oak Railings.

17. Upon information and belief, at all relevant times, Lima exercised operational control over Golden Oak Railings, controlled significant business functions of Golden Oak Railings, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Golden Oak Railings in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

18. As such, Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

19. Defendants employed Plaintiff from on or about July 1, 2018 until on or about August 18, 2020.

20. Defendants employed Plaintiff as a manual laborer for their benefit and at their direction.

21. Plaintiff's primary job duty was to construct staircases, railings, and banisters at Defendants' customers' properties.

22. Defendants did not require Plaintiff to punch in or out of his daily shifts or to track his hours in any other manner.

23. Upon information and belief, Defendants did not keep and maintain time records for the days and weeks that Plaintiff worked.

24. Throughout his employment, Plaintiff worked at least five (5) days per week, Monday through Friday, from about 8:00 a.m. until about 7:00 p.m., and occasionally worked Saturday from about 8:00 a.m. until about 7:00 p.m.

25. Plaintiff typically worked about fifty-five (55) hours a week, unless he worked Saturday, and then he worked approximately sixty-six hours a week.

26. Defendants paid Plaintiff a flat, daily rate of pay for all hours worked, regardless of the number of hours he worked each week.

27. Defendants paid Plaintiff $100.00 per day.

28. Defendants did not pay Plaintiff at the statutory minimum wage rate for all hours worked.

29. Defendants did not pay Plaintiff overtime compensation for all hours worked in excess of forty (40) per week at a rate of one-and-one-half times his regular rate of pay.

30. Defendants did not pay Plaintiff spread of hours compensation at a rate of one additional hour of pay at the minimum wage rate for each day that Plaintiff's spread of hours exceeded ten (10).

31. Defendants failed to provide Plaintiff with a complete and accurate wage notice at the time of his hiring or at any other time thereafter, as required by NYLL § 195(3).

32. Defendants failed to provide Plaintiff with complete and accurate paystubs along with his weekly earnings, as required by NYLL § 195(3).

33. Lima participated in the decision to hire Plaintiff.

34. Lima participated in the decision to fire Plaintiff.

35. Lima participated in deciding the job duties that Plaintiffs performed.

36. Lima participated in the supervision of Plaintiff's job duties and responsibilities.

37. Lima participated in setting Plaintiff's work schedules.

38. Lima participated in deciding the hours that Plaintiff worked.

39. Lima participated in deciding the manner in which Plaintiff was paid.

40. Lima participated in deciding the compensation Plaintiff was paid.

41. Lima participated in running the day-to-day operations of Golden Oak Railings during Plaintiff's employment.

42. Defendants managed Plaintiff's employment, including the amount of time he worked each week.

43. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

44. Defendants were aware of Plaintiff's work hours but failed to pay him the proper wages to which he was entitled under the law.

45. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ*.**
**FAILURE TO COMPENSATE FOR OVERTIME**

46. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

47. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

48. Golden Oak Railings was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce or in the production of goods for commerce.

49. At all times relevant to this Complaint, Golden Oak Railings had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled construction materials, equipment, tools, and other goods that originated outside of New York and were used in the construction of New York commercial and residential property.

50. Upon information and belief, the gross annual volume of sales made or business done by Golden Oak Railings in the applicable year(s) was not less than $500,000.00.

51. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

52. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

53. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

54. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

55. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during his employment.

56. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

57. Defendants did not act in good faith with respect to the conduct alleged herein.

58. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

59. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

60. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

61. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. § 142-2.2.

62. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the NYLL and the Regulations pertaining thereto.

63. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

64. Plaintiff was not exempt from the overtime provisions of the NYLL during his employment because he did not meet the requirements for any of the exemptions available under the NYLL.

65. Defendants acted willfully and either knew that their conduct violated the NYLL or showed a reckless disregard for the matter of whether their conduct violated the NYLL.

66. Defendants did not act in good faith with respect to the conduct alleged herein.

67. As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 19
## FAILURE TO PAY MINIMUM WAGES

68. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

69. By the conduct alleged herein, Defendants have willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652.

70. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

71. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

72. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO PAY SPREAD OF HOURS COMPENSATION

73. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

74. In violation of the NYLL and the Regulations pertaining thereto, Defendants have failed to pay Plaintiff an additional hour of pay when the spread of hours between the beginning and end of his workday exceeded ten (10) hours.

75. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

76. Defendants have acted willfully and either knew that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

77. Defendants have not acted in good faith with respect to the conduct alleged herein.

78. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

79. As a result of Defendants' violation of the NYLL and the Regulations pertaining thereto, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

80. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

81. Defendants willfully failed to furnish Plaintiff with a wage notice upon hiring, or at any time thereafter, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as her primary language, which was to contain, among other things, the rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing

9

address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

82. Through their knowing and intentional failure to provide Plaintiff with a wage notice, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

83. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT VI
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

84. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

85. Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

86. Through their knowing and intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

87. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, THE NHG LAW GROUP, P.C., demands judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

    A.    Declare and find that Defendants committed one or more of the following acts:

        1.    Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

        2.    Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime, minimum wages, and spread of hours compensation;

        3.    Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate wage notices and wage statements;

    B.    Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

    C.    Award liquidated damages under the NYLL, or alternatively the FLSA;

    D.    Award statutory damages under the NYLL;

    E.    Award interest on all NYLL unpaid wages due accruing from the date such amounts were due;

    F.    Award all costs and attorneys' fees incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
October 31, 2022

                                  THE NHG LAW GROUP, P.C.

By: Keith E. Williams, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com
nhglaw@nhglaw.com